UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62127-CIV-DIMITROULEAS/SNOW

CAROLYNNE WILLIAMS,

    Plaintiff,
vs.

NATIONWIDE CREDIT, INC. *et al.*

    Defendants.
_____/

**ORDER GRANTING DEFENDANT NATIONWIDE CREDIT, INC.'S MOTION TO DISMISS COUNT IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

THIS CAUSE is before the Court upon Defendant Nationwide Credit, Inc.'s Motion to Dismiss Count IV of the Amended Complaint [DE 50], filed May 30, 2012. This Court has carefully considered the Motion, Plaintiff's Response in Opposition [DE 60], filed July 2, 2012, and Defendant's Reply [DE 64], filed July 12, 2012, and is otherwise fully advised in the premises.

**BACKGROUND**

Plaintiff's First Amended Complaint [DE 42] brings two claims against Defendant Nationwide Credit, Inc. ("Nationwide"). The first claim is that Nationwide is liable for violating a portion of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff's second claim is that Nationwide violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), § 501.201 *et seq.*, Fla. Stat. The Court has jurisdiction over the TCPA claim. *See* 28 U.S.C. § 1331; *see also Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740, 744-45 (2012). It has supplemental jurisdiction over the FDUTPA claim. 28 U.S.C. § 1367.

Plaintiff's claims arise from approximately 92 phone calls to Plaintiff's cellular phone using an automatic telephone dialing system or artificial or pre-recorded voice for the purposes of collecting a debt. American Express Centurion Bank, another defendant in this action, hired Defendant Nationwide Credit, Inc. to make some of these calls. The phone calls sought location information for Ralph Williams, Plaintiff's ex-husband of approximately ten years.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted. According to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a claimant must only state "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations in the complaint. *See Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

FDUTPA is a Florida consumer protection statute designed to protect from unfair trade practices. *See* § 501.202, Fla. Stat. It creates a cause of action for "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Id.* § 501.204(1). Nationwide argues that Plaintiff cannot

2

bring a FDUTPA claim against it, because Nationwide was merely attempting to collect on a debt and was not engaged in "trade or commerce."  FDUTPA defines "trade or commerce" as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." § 501.203(8), Fla. Stat.

Several courts have held that debt collection activities are not "trade or commerce" for FDUTPA purposes.  *E.g. State v. Shapiro & Fishman, LLP*, 59 So. 3d 353, 355-57 (Fla. 4th DCA 2011); *Law Office of David Stern, P.A. v. State*, 83 So. 3d 847, 849-50 (Fla 4th DCA 2011); *Kelly v. Palmer, Reifler & Assocs., P.A.*, 681 F. Supp. 2d 1356, 1371-77 (S.D. Fla. 2010); *Trent v. Mortgage Electronic Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1365 n.12 (M.D. Fla. 2007).  These cases hold that the debt collection activities at issue in those cases were not an attempt to advertise, solicit, provide, offer, or distribute any good or services or a thing of value, so FDUTPA does not apply.  Because Nationwide was merely trying to collect on a debt and was not advertising any services or performing any other action within the definition of "trade or commerce," Nationwide believes that FDUTPA does not apply.

Plaintiff's response is that Nationwide *is* involved in trade or commerce, because it is "providing" a "service" to American Express Centurion Bank by making the debt collection phone calls.  Because Nationwide was providing a service to American Express, Plaintiff reasons that FDUTPA applies.  Though Plaintiff was not the recipient of the service, the 2001 statutory amendment to FDUTPA changed the holder of a right of action from "consumer" to "anyone aggrieved by a violation of [FDUTPA]."  *See* § 501.211, Fla. Stat.   Plaintiff has been aggrieved

3

by Nationwide's relationship to American Express, because that relationship led to collection phone calls, so Plaintiff believes that it can sue Nationwide under FDUTPA.

Plaintiff's argument has two pieces of a FDUTPA claim, but these two pieces do not fit together. The first piece is the idea that Nationwide and American Express are engaged in trade or commerce between themselves. The Court agrees with this proposition. However, to make a FDUPTA claim, Plaintiff must allege that she was a person aggrieved by unfair practices arising out of their "trade or commerce" relationship. *See* § 501.211, Fla. Stat.; *Kia Motors Am. Corp. v. Butler*, 985 So. 2d 1133, 1140 (Fla. 3d DCA 2008) (including causation as an element of a FDUTPA claim). Plaintiff has pointed to nothing that was unfair, unconscionable, or deceptive about the relationship between Nationwide and American Express. She has not been aggrieved by Nationwide's agreement to assist American Express in collecting on a debt *per se*.

What *has* aggrieved Plaintiff is Nationwide's phone calls to her to collect on a debt. This is the second piece. However aggrieved those 92 phone calls may have caused her to be, and no matter how unfair or deceptive, the Court agrees with the other courts that have addressed debt collection and finds that Nationwide's debt collection activities do not give rise to a FDUTPA claim. Even though Nationwide was not trying to directly collect the debt from Plaintiff herself, but rather from her ex-husband, Nationwide was still engaged in debt collection activities. No goods or services were offered to her; Nationwide only elicited information from Plaintiff. Nationwide was not engaged or "trade or commerce" as to Plaintiff in making those calls. Plaintiff has one puzzle piece of a FDUTPA claim in the relationship between Nationwide and American Express, and another piece in her grievance with Nationwide, but these two pieces do not unite to create one complete FDUTPA cause of action.

4

Because Nationwide's debt collection activities do not fall within FDUTPA, Plaintiff next tries to redefine Nationwide's actions. Plaintiff claims that Nationwide was not engaged in collecting on a debt when it called her, because she was not the debtor. Rather, Nationwide merely was placing harassing phone calls. This argument is undermined by Plaintiff's own allegations. Paragraph 10 of the Amended Complaint states that Nationwide called Plaintiff "for the purpose of collecting an alleged debt." [DE 42 ¶ 10].

Plaintiff then tries to liken Nationwide's activities to unsolicited business advertisements sent to an unwilling recipient's fax machine, citing two Florida trial court decision, *Ebsary v. Twins Luncheon*, 17 Fla. L. Weekly Supp. 443a (Fla Cir. Ct. Aug. 11, 2009), and *Ade of Tampa, Inc. d/b/a Business Ink Printing v. Mealcab.com, LLC*, 19 Fla. L. Weekly Supp. 472a (Fla. Cir. Ct. Mar. 6, 2012). Unwelcome faxes force the recipient to bear the costs of the advertisements because the plaintiff must pay for the fax machine's ink and paper. The courts found such actions violated FDUTPA. Likewise, Nationwide has forced Plaintiff to pay for Nationwide's phone calls because Nationwide consumed Plaintiff's cell phone minutes in an effort to collect a debt from Plaintiff's ex-husband. Unlike Plaintiff's case, however, in these two cited opinions, the defendants were engaged in advertisement, which is explicitly within the definition of trade or commerce under FDUTPA. *See* § § 501.203(8), Fla. Stat. Though Plaintiff may have had to bear the costs of Nationwide's phone calls, Nationwide's debt collection activities still were not trade or commerce as to Plaintiff.

Because FDUTPA only applies to "trade or commerce," and Nationwide was not engaged in trade or commerce as to Plaintiff, the Court need not analyze whether Plaintiff's allegations demonstrate unfair, deceptive practices.

5

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Nationwide Credit's Motion to Dismiss Count IV of the Amended Complaint [DE 50] is **GRANTED**. Plaintiff's FDUTPA claim against Nationwide is dismissed. Though Defendant West Asset Management, Inc. did not join in this motion, the allegations against it are identical, and thus the FDUTPA claim against West Asset Management, Inc. shall also be dismissed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of September, 2012.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record